**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**
**CIVIL ACTION NO. 5:08CV-P178-R**

**CLAUDE E. PLUMMER**                                                                  **PLAINTIFF**

**v.**

**LYON CIRCUIT COURT**                                                                **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

On or about October 20, 2008, Plaintiff, acting without the assistance of counsel,

commenced this civil action.  The action is styled "Appeal For Motion for Expungement."  In the

body of his "motion" Plaintiff states:

> Plaintiff who is pro se will argue that the amount of 15 small packets by weight will
> fall under misdemeanor guidelines.  Also Plaintiff will argue Trickery was used to
> cop-out for the threat of a larger sentence if he fought the charge.  Plaintiff will argue
> he possed [sic] the pot equal to 15 cigarettes.  He bought for his own personal use not
> to promote.  431-078 The charge of promoting is used to falsely accuse so a felony
> conviction can be acquired.  I served the year out on this charge making sentence
> void.  I request Honorable Court to expunge this case from record.

(DN 1).  Attached to Plaintiff's "motion" is a copy of a response the Commonwealth of

Kentucky filed to a state-court motion for expungement Plaintiff filed in the Lyon Circuit Court.

The response indicates that Plaintiff is not eligible for expungement under Kentucky law because

he was convicted of a felony.  Plaintiff also attached an unsigned order of expungement on a

state-court form.

Based on the filings by Plaintiff, it appears that he is attempting to appeal the state court

denial of his motion for expungement to this Court.  If Plaintiff wishes to appeal a state-court

decision, his remedy lies with the Kentucky state appellate courts, not this federal district court.

*See D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 482 (1983) ("A United States District

Court has no authority to review final judgments of a state court in judicial proceedings.").

Additionally, the Court observes that a litigant in federal court "has no constitutional right to have allegedly inaccurate state court records expunged." *See Tillio v. Radnor Police*, 236 F. App'x 794, 795 (3d Cir. 2007).

After reviewing Plaintiff's motion/complaint, the Court concludes that the relief that Plaintiff is seeking is legally implausible.  As such, the Court will dismiss this action.  *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (allowing a federal district court to dismiss a complaint *sua sponte* where its allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion").

If Plaintiff wishes to attack the substance of his state court conviction in this Court, he may file a motion pursuant to 28 U.S.C. § 2254 after he has exhausted his state-court remedies. Plaintiff is reminded that under § 2254 a litigant may attack a state court conviction based only on alleged federal constitutional law violations as "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Bowling v. Parker*, 138 F. Supp. 2d 821, 906 (E.D. Ky. 2001) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)).  In the event that Plaintiff desires to attack his state-court conviction by way of 28 U.S.C. § 2254, **the Clerk of Court is ORDERED to send Plaintiff instructions and a form for filing a § 2254 action.**  Plaintiff is advised that the fee for filing such an action is $5.00.

Consistent with this Memorandum Opinion and Order, the Court will enter a

separate Order of dismissal.

Date:

cc:      Plaintiff, *pro se*

4413.008